```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSEPH YACCARINO and
TRACY YACCARINO,

                         Plaintiffs,          MEMORANDUM & ORDER

          -against-                             03-CV-4527 (CPS)

MOTOR COACH INDUSTRIES, INC., et al.,

                         Defendants.
----------------------------------------------------------------x
```

In letters dated August 15 and 18, 2006, plaintiffs seek an order (1) compelling defendant Isringhausen to produce additional discovery materials and (2) affording plaintiffs additional time to file yet another expert report that supplements their previous series of reports in some unspecified way. Plaintiffs' application is denied.

As a preliminary matter, plaintiffs' most recent discovery demands far exceed the limited extent to which Judge Sifton agreed to reopen discovery. Specifically, Judge Sifton declined to reopen discovery generally (see Transcript of 5/31/06 Proceeding at 8), and limited discovery to that which plaintiffs needed to respond to defendant's pending *Daubert* and summary judgment motions. Id. at 21. Despite this limitation, plaintiffs request information pertaining to *defendant's* rebuttal expert and materials on which defendant intends to rely at trial in the event its motions are denied. Plaintiffs' demands ignore the limitations imposed by Judge Sifton in reopening discovery, as well as this Court's prior orders deferring defendant's expert disclosure until after the conclusion of motions practice. See 9/6/05 Calendar Order; 12/22/05 Endorsed Order.

With respect to plaintiffs' demands for materials within the scope of reopened discovery,

defendant reportedly has now supplied all such materials in its possession, custody or control. See 8/21/06 Letter to the Court from Philip W. Crawford.[1] Defendant is not required to obtain from third parties materials responsive to plaintiffs' request.

Finally, plaintiffs request additional time to file yet another supplemental report. However, mindful of the schedule previously set by Judge Sifton, this Court expressly directed plaintiffs to "particulariz[e]" how the newly acquired information "would be incorporated into a second supplemental report by plaintiffs' expert." 8/17/06 Calendar Order.

Rather than consult with plaintiffs' expert and comply with this directive, plaintiffs' counsel responds that "I am not an engineer and therefore I cannot speculate as to how the above information will assist my expert." 8/18/06 Letter to the Court from Stephen G. Brenner at 3. In other words, the information in question may have no effect on the expert's previous reports. In these circumstances, plaintiffs have proffered no basis for departing from the schedule set by Judge Sifton in order to permit them an opportunity to submit yet another supplemental report.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 28, 2006**

/s/
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] For example, defendant explained that " [s]ince it did not make the slide assembly, Isringhausen does not have 'composition' documents . . . ." Id. at 5.

In its August 21st letter, defendant assured the Court that it expected to supply plaintiffs' counsel, by August 22nd or 23rd, with the German manufacturer's 290-pound seat rating. Id. at 3, 7. Having heard nothing further from plaintiffs, the Court assumes that defendant's production has been completed.